IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-63,698-03




EX PARTE DOMINGO LUCIANO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 96-CRF-491 IN THE 105TH DISTRICT COURT
FROM KLEBERG COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and
sentenced to seven years’ imprisonment. 
            Applicant contends, inter alia, that he is being denied credit on this conviction for time spent
in confinement after he was convicted and sentenced, specifically for time spent in the Maverick
County jail from January 7 through April 24 of 2008. Applicant has alleged facts that, if true, might
entitle him to relief. Ex parte Rodriguez, 195 S.W.3d 700, 703 (Tex. Crim. App. 2006). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
            According to Applicant’s pleadings, he has not been in TDCJ’s continuous custody since the
time of his conviction and was apprehended pursuant to a parole-revocation warrant, though he
contends he was never released to parole. The trial court shall order the Texas Department of
Criminal Justice’s Office of the General Counsel to file an affidavit listing Applicant’s sentence
begin date and detailing the dates Applicant has been in custody pursuant to this sentence. General
Counsel’s affidavit shall note the dates of issuance of any warrants and/or detainers leading to the
revocation of parole or Applicant’s post-conviction apprehension. The affidavit should state whether
or not Applicant is receiving credit for any of the time spent out of custody. Finally, the affidavit
should indicate whether or not Applicant has submitted his claim to the time credit resolution system
of TDCJ, and if so, the date when the claim was submitted.
            The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov’t Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is being properly credited for time served and,
if applicable, time out of custody. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claims
for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 12, 2010
Do not publish